UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LAMON TANEAL HEMINGWAY, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:17-CV-0052 JMB |
| BRANDEN McSPADDEN, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Lamon Taneal Hemingway (registration no.1101853), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.70. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the amended complaint[1], the Court will partially dismiss the amended complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-

---

[1] On June 26, 2017, plaintiff filed a motion to amend his complaint, along with his proposed amended complaint. The Court will grant plaintiff's motion to amend and review plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e).

month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.50. Accordingly, the Court will assess an initial partial filing fee of $1.70, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Amended Complaint

Plaintiff, an inmate at SECC, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. Named as defendants are: Branden McSpadden (Correctional

Officer); Cory Sisk (Correctional Officer); Gregory Hancock (Captain); Brandi Merideth (Functional Unit Manager); Timothy Seabaugh (Case Manager); Paula Reed (Asst. Warden); Bill Stange (Deputy Warden); Jason Lewis (Warden); Jesse May; Mark Curran (Mental Health Counselor); Steve Johnson (Chaplin); Robert Bolin (Correctional Officer). Plaintiff claims that each of the defendants are employed by the Missouri Department of Corrections. Plaintiff sues defendants in their individual capacities.

Plaintiff states that on March 8, 2017, he was being transported from his cell to a "cell being used as a nurse's station" in order to see defendant Mark Curran to report on a PREA event relating to a staff member. PREA stands for Prison Elimination Act Complaint. Plaintiff complains that he was being escorted by defendant correctional officers McSpadden, Sisk and Bolin. Plaintiff states that as he started to sit on a bench to speak to defendant McSpadden, defendant McSpadden gave him a "wedgie" by pulling his boxers up from the back of his pants and pulling them between his buttocks. Plaintiff states that defendants McSpadden, Sisk and Bolin laughed at the event. Plaintiff demanded to make a PREA report against defendant McSpadden, but defendant Curran denied his request at that time, stating that he needed to go through proper channels to make the report. Plaintiff insisted that he be able to report a PREA violation against defendant McSpadden, but again he was rebuffed by defendant Curran and told by defendant Curran that he could not file a PREA complaint at that particular time but needed to first make the PREA report to a correctional officer at his duty station or to his FUM.[2]

---

[2] To the extent that plaintiff is attempting to sue defendants under PREA, the complaint is legally frivolous. PREA "does not create a right of action that is privately enforceable by an individual civil litigant." *E.g., LeMasters v. Fabian*, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009); *Chinnici v. Edwards*, 2008 WL 3851294, at *3 (D. Vt. Aug. 12, 2008) ("The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue. 42 U.S.C. § 15601 *et seq*. The statute does not grant prisoners any specific rights.").

Plaintiff states that at the same time he was insisting that he be able to report defendant McSpadden for a PREA violation, defendants McSpadden, Bolin and Sisk were searching his cell. Plaintiff states that defendant McSpadden wrote a false conduct violation against plaintiff for "making, transferring or having in possession an unauthorized article or substance." Plaintiff states that defendant McSpadden falsely indicated that plaintiff had several unauthorized kosher food substances in his cell in retaliation for attempting to report him pursuant to PREA. Plaintiff claims that he was being housed in a suicide cell at that time, which was constantly under camera surveillance that would clearly show that defendant McSpadden lied and falsified the conduct report in retaliation for plaintiff's PREA complaint against him. Plaintiff states that in further retaliation, after writing up the conduct violation report, McSpadden requested that plaintiff be placed on meal loaf restriction, and knowing that the violation was false, defendant Hancock approved the request.

Plaintiff states in a conclusory manner that he believes that defendants Merideth, May, Stange and other unnamed Wardens knew or should have known that plaintiff did not violate any prison rules; however, these individuals signed off on the meal loaf sanctions "at another time" even though plaintiff did not fit the criteria for meal loaf. Plaintiff does not specifically state how these defendants allegedly knew that McSpadden's complaints were allegedly false or when they allegedly "signed off" on the purportedly false conduct violation and request to punish plaintiff by giving him meal loaf.

Plaintiff states that he has a First Amendment right to practice his Messianic religious beliefs, which include eating kosher foods. Plaintiff asserts that he was on a certified religious meal plan at SECC. He states in a conclusory manner that he was taken off the kosher diet by defendants Steve Johnson, Bill Stange and Jason Lewis. However, he does not offer any dates or times indicating that his removal from his kosher diet for a purported second retaliation claim

should be treated separately from the initial removal from the kosher diet/meal loaf diet initiated by defendant McSpadden. In fact, plaintiff states that he believes that this was done in retaliation, after plaintiff requested to file the PREA complaint against defendant McSpadden.[3]

Plaintiff claims that the conduct violation reported by defendant McSpadden was heard by Case Manager Timothy Seabaugh. The decision was approved by defendant Brandi Merideth, Functional Unit Manager. The findings were appealed to Asst. Warden Paula Reed. Plaintiff states that he was found guilty without any evidence to support the alleged conduct violation.

Plaintiff seeks monetary damages and injunctive relief.

## Discussion

After reviewing the amended complaint in its entirety, the Court will order the Clerk to issue process or cause process to issue on plaintiff's claims of retaliation under the First Amendment against defendants McSpadden and Hancock in their individual capacities.

Plaintiff's claims, however, against defendants Cory Sisk, Robert Bolin and Mark Curran[4] are subject to dismissal due to plaintiff's failure to allege a lack of causal connection with the purported retaliation. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."). There is no indication in the complaint that these individuals acted against plaintiff relating to his request to make a PREA complaint against defendant McSpadden.

Similarly, plaintiff's claims against Bill Stange, Jason Lewis, Jesse May and Steve Johnson are also subject to dismissal because vicarious responsibility is inapplicable to § 1983

---

[3]This appears to be the same claim as the first retaliation claim wherein plaintiff asserts that he was taken off his kosher diet and given meal loaf for a certain period of time following receipt of a conduct violation from defendant McSpadden. It will therefore be treated similarly.

[4] Plaintiff does not state that defendant Curran told him that he could not make a PREA complaint against defendant McSpadden. He claims that he was told he needed to follow the proper channels to make the PREA complaint against defendant McSpadden, meaning that he would need to make the PREA complaint to a person other than defendant Curran who would then be responsible for investigating the complaint.

lawsuits, and plaintiff must plead that each government official defendant, through the official's own individual actions, has violated the Constitution. He has failed to do so. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Threadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" are not enough to state a cause of action.).

Last, plaintiff has not alleged that Brandi Merideth, Timothy Seabaugh or Paula Reed acted unlawfully in reviewing his conduct violation report and his appeals of his conduction violation written by defendant McSpadden. It is not enough to state merely that he believes that there was not enough evidence to support a finding of a violation. *See Glick v. Sargent*, 696 F.2d 413, 414 (8th Cir. 1983) (Plaintiff's claim that defendant gave him a false conduct violation is not actionable under § 1983). Therefore, his claims against these individuals are also subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to file an amended complaint [Doc. #6] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the amended complaint as to defendants McSpadden and Hancock in their individual capacities. Defendants shall be served through the waiver agreement the Court maintains with the Missouri Attorney General's Office.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants McSpadden and Hancock shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the amended complaint as to Cory Sisk; Brandi Merideth; Timothy Seabaugh; Paula Reed; Bill Stange; Jason Lewis; Jesse May; Mark Curran; Steve Johnson; Robert Bolin because, as to these defendants, the amended complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 12th day of September, 2017.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE